**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

DEMILSON R. F.,

Petitioner,

v.

DAVID EASTERWOOD, Director, St. Paul Field Office Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; DAVE ISAIS, Jail Commander of the Sherburne County Jail; DAVID J. VENTURELLA, Acting Director of Immigration and Customs Enforcement; and TODD BLANCHE, Attorney General of the United States,

Respondents.

Case No. 26-CV-3483 (NEB/DLM)

ORDER ON MOTION TO ALTER OR AMEND JUDGMENT

---

This matter is before the Court on Petitioner Demilson R.F.'s Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e). (ECF No. 31.) Demilson R.F. seeks reconsideration of the Court's order denying his petition for writ of habeas corpus. (ECF No. 19.) For the reasons explained below, the Court denies Demilson R. F.'s motion.[1]

---

[1] Respondents brought a separate motion to dissolve the Court's temporary restraining order (TRO) enjoining Demilson R.F.'s removal or transfer. (ECF No. 28.) Because the Court denies Demilson R.F.'s motion and petition on the merits, the TRO is dissolved and Respondent's motion denied as moot.

## BACKGROUND

The Court finds no error in its recitation of the facts in its previous order. (ECF No. 19, at 1–2). The record supports that Immigration and Customs Enforcement ("ICE") encountered a vehicle that was registered to Demilson R.F. (ECF No. 7 ¶¶ 10–13.) Immigration records connected to Demilson R.F. demonstrate that he was previously removed from the United States and has no lawful status. (ECF No. 7-2; ECF No. 7-3; ECF No. 7, ¶¶ 5-8.) The record also reflects that when ICE agents attempted to stop that vehicle, it "failed to stop and turned onto a grassy area next to the road," after which Demilson R.F. ran from the agents. (ECF No. 7 ¶¶ 13–15.)

## ANALYSIS

"Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (citation modified). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* (citation modified). Nor can Rule 59(e) motions be used to relitigate old matters. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008). Courts have "broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933. Parties are granted relief under Rule 59(e) only in "extraordinary circumstances." *Dale & Selby Superette & Deli v. U.S. Dep't of Agric.*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

In his motion, Demilson R.F. argues that the Court should alter its previous judgment to conclude that his warrantless arrest did not satisfy the statutory

requirements of 8 U.S.C. § 1357(a)(2). (ECF No. 31, at 4–10.) Demilson R.F. also contends that the Court erred by applying the *Zadvydas v. Davis*, 533 U.S. 678 (2001), framework because he was in fact raising a separate procedural due process issue. (ECF No. 31, at 10–17.)

## I. Warrantless Arrest

It is undisputed that ICE arrested Demilson R.F. without a warrant, so 8 U.S.C. § 1357(a)(2) governs. Section 1357(a)(2) authorizes an immigration officer to effectuate a warrantless arrest of a noncitizen "if he has reason to believe that the alien so arrested is in the United States in violation of any [immigration] law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). Courts construe "reason to believe" to mean "constitutionally required probable cause." *United States v. Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010).

Demilson R.F. argues that Respondents lacked probable cause on both elements. His arguments largely reiterate those made in his amended petition, and the Court sees no basis to change its previous determination under Section 1357(a)(2). (ECF No. 19, at 2–3.) Respondents were aware of Demilson R.F.'s identity before they attempted to stop him; he was in a vehicle registered to him. (ECF No. 7 ¶¶ 10–13.) Demilson R.F.'s name and information are linked to the record of his previous removal and lack of lawful status in the United States. (ECF No. 7 ¶¶ 5–8.) Those facts provided probable cause that Demilson R.F. is present in the country in violation of U.S. immigration laws. 8 U.S.C. § 1357(a)(2). The Court similarly affirms its previous determination that Demilson R.F.'s flight from ICE provides probable cause that he was "likely to escape." (ECF No. 19, at 3.) The Court does not need more details about that flight to reach this conclusion, nor is Demilson R.F.'s reliance on *P. P. v. Blanche*, No. 26-CV-3125 (LMP/LIB), 2026 WL 2017765

(D. Minn. July 13, 2026)—addressed in the Court's original order (ECF No. 19, at 3)—persuasive. In contrast to the facts here, the petitioner in that case did not attempt to flee. *P. P.*, 2026 WL 2017765, at *2–3, *5–6. Demilson R.F.'s warrantless arrest was therefore lawful, and the Rule 59(e) motion on this ground must be denied.

## II. Due Process

Demilson R.F. also challenges the constitutionality of the process afforded to him after his arrest.[2] The Court understands Demilson R.F. to make a different argument than the *Zadvydas* argument it addressed in its first order. (ECF No. 19, at 4.) It therefore takes this opportunity to address his due process arguments more precisely.

The records demonstrate that Demilson R.F. was arrested on July 8. On July 9, Respondents issued a Form I-817 Notice of Intent/Decision to Reinstate Prior Order. (ECF No. 7-4). That form invokes Immigration and Nationality Act section 241(a)(5), which provides that when someone is found to have "reentered the United States illegally" after leaving previously under an order of removal, "the prior order of removal is reinstated from its original date." *See* 8 U.S.C. § 1231(a)(5); 8 C.F.R. § 241.8. Similarly, the corresponding regulation provides that someone who is determined to meet that description of having reentered the U.S. unlawfully after previously being ordered removed "shall be removed under the previous order of exclusion, deportation, or removal." 8 C.F.R. § 241.8(a), (c). The Form I-817 confirms that Demilson R.F. falls within those statutory and regulatory provisions. Because of that form, Demilson R.F. has an active order of removal and Section 1231(a)(2) mandates his detention.

---

[2] To the extent that Demilson R.F.'s arguments on this issue rely on any question about the lawfulness of his arrest, the Court rejects them for the reasons outlined above.

The Court is not convinced by Demilson R.F.'s argument that the reinstatement decision does not control his custody determination. (ECF No. 31, at 14.) Once Demilson R.F.'s removal order was reinstated, his detention became mandatory—effectively determining his continued custody status. 8 U.S.C. § 1231(a)(2). And that custody determination, in the form of the reinstatement, took place within 48 hours as required by regulation. 8 C.F.R. § 287.3(d). Demilson R.F. cites no authority establishing that ICE must conduct a separate inquiry into the necessity of detention-based factors other than Section 1231(a)(2)'s mandatory detention provision. And the Court sees none. (ECF No. 31, at 12–16.) Indeed, Demilson R.F. concedes that Section 1231 does not contain a basis for a bond hearing. (ECF No. 31, at 2.) Demilson D.F.'s post-arrest treatment and continued detention satisfied due process and the applicable statutory and regulatory scheme.[3]

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Demilson R.F.'s Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 31) is DENIED;

2. The Court's Temporary Restraining Order (ECF No. 27) is DISSOLVED; and

---

[3] Finally, even accepting Demilson R.F.'s contentions that his examination was in violation of 8 C.F.R. § 287.3(a) because it was conducted by one of the agents who arrested him, the Court does not consider release from custody an appropriate remedy for that regulatory violation.

3. Respondents' Motion to Dissolve the Temporary Restraining Order (ECF No. 28) is DENIED as moot.

Dated: October 14, 2026

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge